**United States District Court**
**For the Northern District of California**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEIL WEINSTEIN, et al., | Nos. C 06-04444 SI; C 07-0538 |
|     Plaintiffs, | **ORDER GRANTING IN PART *WEINSTEIN* PLAINTIFFS' OMNIBUS MOTION** |
|   v. | |
| METLIFE INC., et al., | |
|     Defendants.     / | |
| KIM REEDER, et al., | |
|     Plaintiffs, | |
|   v. | |
| METROPOLITAN LIFE INSURANCE COMPANY, | |
|     Defendant.     / | |

On July 6, 2007, the Court heard argument on the *Weinstein* plaintiffs' omnibus motion: (1) to intervene in and stay the *Reeder* action; (2) to appoint lead counsel for related cases; (3) for permission to contact opt-ins in *Weinstein* action; (4) to compel former plaintiff's attorney Scott Cole to produce entire *Weinstein* case file to substituted counsel; and (5) disqualify Scott Cole as plaintiffs' counsel. Plaintiffs in the *Reeder* action filed an opposition to the motion.

Both sets of plaintiffs agree that the omnibus motion is now limited to only two disputes. First, Weinstein seeks "production of documents constituting or reflecting communications between the *Reeder* plaintiffs and Weinstein's prior counsel, Cole," and "permission to contact the *Reeder*

plaintiffs." Weinstein Supp. Br. at 1:20-22. The *Reeder* plaintiffs are still members of the Rule 23 putative class in *Weinstein*, despite their withdrawal from the *Weinstein* FLSA action. As such, the Court GRANTS Weinstein's motion for production of documents constituting or reflecting communications between the *Reeder* plaintiffs and Cole, prior to the date on which the *Reeder* action was filed. Similarly, the Court grants Weinstein's motion for permission to contact the *Reeder* plaintiffs.

The second remaining dispute on this motion is whether Weinstein's counsel, Wolf Haldenstein, should be appointed lead counsel. It appears from their papers that Wolf Haldenstein seeks to be appointed lead counsel over both *Weinstein* and *Reeder*. Considering that all of the named plaintiffs in *Reeder* are represented by Cole, and the *Reeder* action has been stayed, it would be inappropriate for the Court, at this stage, to appoint Wolf Haldenstein lead counsel in *Reeder*.

Finally, as mentioned at hearing, the Court ORDERS Mr. Cole to submit declarations, on or before July 13, 2007, from the *Reeder* plaintiffs, detailing their understanding of the reasons for, and chronology of, their decision to file the *Reeder* action and withdraw participation in the *Weinstein* FLSA action.

[Docket No. 91 (Case No. 06-4444); Docket No. 33 (Case No. 07-0538)]

**IT IS SO ORDERED.**

Dated: July 6, 2007

SUSAN ILLSTON
United States District Judge

2